IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TEXARKANA DIVISION

| | | |
|---|---|---|
| STEVEN E. BONDS | § | |
| VS. | § | CIVIL ACTION NO. 5:09cv30 |
| ROY KEITH | § | |

MEMORANDUM OPINION REGARDING VENUE

Steven Bonds, an inmate confined at the Federal Correctional Institution at Texarkana, Texas, proceeding *pro se*, filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

Factual Background

Petitioner is challenging a detainer lodged against him by Arkansas officials. The detainer is based on a parole violation warrant issued on June 23, 2005. Petitioner was on parole as a result of a criminal conviction in Pope County, Arkansas.

Discussion

Title 28 U.S.C. § 2241 provides the general jurisdictional basis for federal court to consider challenges to both state and federal judgments of conviction. Section 2241(a) provides that "[w]rits of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions." To entertain a Section 2241 habeas petition, the district court must have jurisdiction

over the prisoner or his custodian.  *United States v. Gabor*, 905 F.2d 76, 78 (5th Cir. 1990).

In *Braden v. 30th Judicial Cir. Ct.*, 410 U.S. 484 (1973), the Supreme Court addressed the issue of whether a district court in one state could have jurisdiction over a prisoner in custody in another state where that prisoner challenged a detainer issued by the first state.  The Court interpreted Section 2241 to permit both the district court in the district of confinement and the district court in the state which lodged the detainer to have jurisdiction to entertain a petition filed pursuant to Section 2241.  *See Milstead v. Rison*, 702 F.2d 216, 217 (11th Cir. 1983). "In reaching its conclusion that the prisoner could attack the interstate detainer in a district court located within the state issuing the detainer, though the prisoner is confined in another state, the Supreme Court looked to the text of 28 U.S.C. § 2241(a)."  *Wadsworth v. Johnson*, 235 F.3d 959, 962 (5th Cir. 2000).  The Supreme Court then used traditional venue principles to reach its conclusion that it could not assume that Congress intended to require a state to defend its action in a distant state and to preclude resolution of the dispute by a federal judge familiar with the laws and practices of the first state.  *Id*.

In the case of a detainer, the state holding the prisoner in immediate confinement acts as agent for the demanding state, and the custodian state is presumably indifferent to the resolution of the prisoner's attack on the detainer. *Braden*, 410 U.S. at 499. "[A] habeas petitioner who challenges a form of 'custody' other than present physical confinement may name as respondent the entity or person who exercises legal control with respect to the challenged 'custody.'" *Rumsfeld v. Padilla*, 524 U.S. 426, 438 (2004). In this case, petitioner is located within the territoral jurisdiction of this district because he is confined at the Federal Correction Institute in Texarkana, Texas. However, petitioner is challenging a form of custody other than his current physical confinement. As a result, the most appropriate forum for this action would be the state of the challenged custody, which is Arkansas.

Under 28 U.S.C. § 1404(a), for the convenience of parties and witnesses and in the interest of justice, a district court may transfer any civil action to any other district where it could have been brought. As petitioner is challenging actions taken by Arkansas officials, and as such actions were taken as a result of a criminal conviction from Pope County, Arkansas, the court is of the opinion that, for the convenience of the parties

and witnesses, and in the interest of justice, this petition should be transferred to the Western Division of the United States District Court for the Eastern District of Arkansas, where Pope County is located.  A transfer order shall be entered in accordance with this memorandum opinion.

**SIGNED** this   30   day of           April          , 2009.

_____
EARL S. HINES
UNITED STATES MAGISTRATE JUDGE