IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
LITTLE ROCK DIVISION

STEVEN E. BONDS
Reg. No. 24226-009                                              PETITIONER

v.                              Case No. 4:09CV00342 JMM/HLJ

G. David Guntharp, Director                                     RESPONDENT
Arkansas Department of Community Correction

## PROPOSED FINDINGS AND RECOMMENDATIONS
## INSTRUCTIONS

The following recommended disposition has been sent to United States District Court

Judge James M. Moody.   Any party may serve and file written objections to this

recommendation.  Objections should be specific and should include the factual or legal basis

for the objection.  If the objection is to a factual finding, specifically identify that finding and

the evidence that supports your objection.  An original and one copy of your objections must

be received in the office of the United States District Court Clerk no later than eleven (11)

days from the date of the findings and recommendations.  The copy will be furnished to the

opposing party.  Failure to file timely objections may result in waiver of the right to appeal

questions of fact.

If you are objecting to the recommendation and also desire to submit new, different,

or additional evidence, and to have a hearing for this purpose before the District Judge, you

must, at the same time that you file your written objections, include the following:

1.       Why the record made before the Magistrate Judge is inadequate.

2.      Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3.      The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## DISPOSITION

Pending before the court is Petitioner's habeas petition filed pursuant to 28 U.S.C. §2241 against Respondent G. David Guntharp, Director, Arkansas Department of Community Correction.  The undersigned finds Petitioner is not entitled to habeas relief.

In April 2003, the Pope County Circuit Court sentenced Petitioner to ten years' imprisonment in the Arkansas Department of Correction after he pled guilty to forgery in the second degree.  (DE #34, Exhibit 1)  He was paroled on this sentence on or about October 31, 2004, and claims his "parole execution date was in August of 2008 with a maximum release date (day for day with no good-time) of August 2012." (DE # 1, Petition for Federal Writ of Habeas Corpus, Statement of Facts) In June 2005, the Arkansas Post Prison Transfer

Board issued an absconder warrant for Petitioner's violation of the release agreement. (DE #1, Exhibit A-1) On August 5, 2005, state authorities arrested Petitioner on numerous charges and placed him in the Pulaski County Jail.  He received a copy of the absconder warrant and remained in the county jail until his transfer to federal custody.  Petitioner wrote to the Arkansas Post Prison Transfer Board on September 5, 2005, and requested a hearing. (DE #1, Exhibit A-2)   He received no response.

The United States indicted Petitioner on one count of possession of stolen mail.  He pled guilty to the charge on May 17, 2007, and received a sixty-month sentence.  The precise date Petitioner was received into federal custody is unclear from the record, but he was in federal custody by February 26, 2008, when the Arkansas Department of Community Correction (ADCC) notified federal authorities at FCI Sheridan in Oregon that Petitioner was a parole absconder from Arkansas.  (DE #4)  The ADCC sent FCI Sheridan a certified copy of its warrant and requested that a hold/detainer be placed on Petitioner.  On March 19, 2008, the United States Bureau of Prisons (BOP) notified the ADCC that it had placed a parole-absconder detainer against Petitioner.  (DE # 4, U.S. Department of Justice Detainer Action Letter) Upon notification of the detainer, Petitioner wrote his fifth letter to the Arkansas Post Prison Transfer Board and requested a hearing and good-time credits.  He  received a response from the Arkansas Board of Parole that, although the Harrison, Arkansas Police Department and the Baxter County, Arkansas Sheriff's Office had outstanding warrants for him, it did not have a parole hold on him, and his time had been adjusted when he was

arrested in 2005.  (DE #1, Exhibit A-7)  In a subsequent response, the Arkansas Board of Parole notified Petitioner he would receive credit for the 584 days he spent in jail awaiting transfer to federal custody, but he would not be discharged from his state parole.  (DE #1, Exhibit A-7)  Unable to obtain the relief requested, Petitioner sought habeas relief.  He originally filed the instant petition in the United States District Court, Eastern District of Texas, to challenge the detainer.  That court subsequently transferred the case to the Eastern District of Arkansas.  (DE # 7)

Petitioner argues that, under ADCC policy, he is entitled to good-time credit for each day he served on parole, and that the ADCC cannot take his credits without an administrative hearing.  The failure to provide him an administrative hearing, Petitioner contends, violates his right to due process.  Furthermore, Petitioner asserts the detainer will prevent him from being considered for placement in a federal halfway house program. (DE # 1)  He argues his parole warrant has expired under an administrative rule, that his parole was never formally revoked by hearing or notice, and that he did not violate his parole by absconding because he was transferred to federal custody.  He requests this court to protect his constitutional rights by issuing a federal writ to prohibit the State of Arkansas from extraditing/transferring him to its custody by use of the detainer, which would violate his constitutional rights under the Fifth, Eighth, and Fourteenth Amendments to the United States Constitution. In response to the petition, Respondent states Petitioner is not entitled to habeas relief.

A petition for habeas corpus brought under 28 U.S.C. §2241 may be used to address

a future prosecution brought before entry of a final state court judgment. *See Braden v. 30th Judicial Circuit Court*, 410 U.S. 484, 488-89 (1973). *See also Estelle v. Dorrough*, 420 U.S. 534, 536 n.2 (1975). Although Section 2241 does not include a statutory exhaustion requirement comparable to that found in Section 2254(b), federal courts have consistently recognized that the principles of comity and federalism require exhaustion of all available state remedies. *Sacco v. Falke*, 649 F.2d 634, 635-36 (8th Cir. 1981) ("a petitioner seeking relief from state custody by means of a federal writ of habeas corpus is ordinarily required to exhaust his state remedies."). *See also Dickerson v. State of Louisiana*, 816 F.2d 220, 225 (5th Cir. 1987), *cert. denied*, 484 U.S. 956 (1987) ("Despite the absence of an exhaustion requirement in the statutory language of section 2241(c)(3), a body of case law has developed holding that although section 2241 establishes jurisdiction in the federal courts to consider pre-trial habeas corpus petitions, federal courts should abstain from the exercise of that jurisdiction if the issues raised in the petition may be resolved either by trial on the merits in the state court or by other state procedures available to the petitioner."). In order to exhaust his state court remedies, a prisoner must fairly present his constitutional claims to the highest available state court before seeking relief in federal court. *See McCall v. Benson*, 114 F.3d 754, 757 (8th Cir. 1997) ("[B]efore we may reach the merits of a habeas petition, we must first determine whether the petitioner has fairly presented his federal constitutional claims to the state court."). To serve the purpose of the rule, the state courts must have the first opportunity to hear the claim, which is sought to be vindicated in a federal habeas

proceeding. *Picard v. Connor*, 404 U.S. 270, 275-76 (1971).   The state court has an opportunity to hear a claim, when the claim has been fairly presented, by reference to a specific federal constitutional right, a federal case, or a state case, which raises a pertinent federal constitutional issue. *See Cox v. Burger*, 398 F.3d 1025, 1031 (8th Cir. 2005), *cert. denied*, 546 U.S. 844 (2005).   "Absent extraordinary circumstances, federal courts should not interfere with the states' pending judicial processes prior to trial and conviction, even though the prisoner claims he is being held in violation of the Constitution." *Sacco v. Falke*, 649 F.2d at 636, quoting *Braden v. 30th Judicial Circuit of Kentucky*, *supra* at 507-08 (Rehnquist, J., dissenting).   *See also Carden v. State of Montana*, 626 F.2d 82, 83-84 (9th Cir. 1980), *cert. denied*, 449 U.S. 1014 (1980) (federal courts will not interfere in state criminal proceedings before they become final except in "unusual," "extraordinary," or "special" circumstances).

There are few reported cases in which courts have actually found the type of "extraordinary circumstances" that allow for federal interference with ongoing, non-final, state criminal proceedings.  Most of those cases involved double jeopardy claims or issues regarding speedy trial.  *See Satter v. Leapley*, 977 F.2d 1259, 1261 (8th Cir. 1992) ("A claim that a state prosecution will violate the double jeopardy clause presents an exception to the general rule of *Younger v. Harris* [401 U.S. 37 (1971)]," and "[i]t is thus well established that federal district courts can entertain pretrial habeas petitions in which petitioner asserts an impending state trial violates the Double Jeopardy Clause."), citing *Mannes v. Gillespie*,

967 F.2d 1310, 1312 (9th Cir. 1992), *cert. denied*, 506 U.S. 1048 (1993), and *Palmer v. Clarke*, 961 F.2d 771, 774 (8th Cir. 1992); *Braden v. 30th Judicial Circuit of Kentucky*, *supra* (allowing a Section 2241 action for speedy-trial claim despite petitioner not having yet been brought to trial but after he had unsuccessfully sought a writ of mandamus in the Kentucky Supreme Court). However, in *Carchman v. Nash*, 473 U.S. 716, 733, n. 10 (1985), the Court noted it had never held a prisoner subject to a probation-violation detainer had a constitutional right to a speedy probation-revocation hearing. Citing a case involving parole violations, *Moody v. Daggett*, 429 U.S. 78 (1976), the Court stated "[i]ndeed, it often may be desireable to delay rather than to expedite disposition of the probation-violation charge." *Id*. at 733.  In *Moody*, the Court said

> "[I]n cases such as this, in which the parolee admits or has been convicted of an offense plainly constituting a parole violation, the only remaining inquiry is whether continued release is justified notwithstanding the violation. This is uniquely a 'prediction as to the ability of the individual to live in society without committing antisocial acts.' *Morrissey*, *supra* [408 U.S.], at 480 [92 S.Ct., at 2599]. In making this prophecy, a parolee's institutional record can be perhaps one of the most significant factors. Forcing decision immediately after imprisonment would not only deprive the parole authority of this vital information, but since the other most salient factor would be the parolee's recent convictions, ... a decision to revoke parole would often be foreordained. Given the predictive nature of the hearing, it is appropriate that such hearing be held at the time at which prediction is both most relevant and most accurate-at the expiration of the parolee's intervening sentence." Id., at 89, 97 S.Ct., at 279-280.

*Carchman v. Nash*, 473 U.S. at 733.

Petitioner urges this court to determine the ADCC has no standing to try him or hold him on a detainer, similar to the relief sought in *Sacco v. Falke*, *supra*, where the petitioner

7

sought to obtain orders that declared an Ohio indictment a nullity and that required federal and state officials to remove the detainer from their records and relieve him from its effects. In *Sacco*, the Eighth Circuit refused to provide the petitioner relief, where he had not exhausted his remedies in the Ohio state courts and his only efforts of pursuing the claims were by writing letters to Ohio officials.  Here, Petitioner has attached to his Petition a copy of several letters he sent to the Arkansas Post Prison Transfer Board requesting resolution of the detainer and release from parole.  Despite his efforts to obtain state relief, Petitioner has failed to provide any evidence that he has pursued any state-court action aimed at compelling a ruling.  Thus, the undersigned concludes Petitioner has failed to exhaust state remedies.[1]

In sum, Petitioner obviously believes that he is wrongly being held under the state

---

[1] Even if Petitioner has exhausted his state remedies, to the extent that Petitioner is challenging eligibility for particular BOP programs, his argument lacks merit. According to BOP policy, inmates "shall not ordinarily participate in [halfway house] programs" if they have "unresolved pending charges, or detainers, which will likely lead to arrest, conviction, or confinement."  *See* BOP Program Statement 7310.04, § 10(f) (Dec. 16, 1998).  According to BOP policy, it "does not decide the validity of the detainer or violation of any IAD [Interstate Agreement on Detainers] provision.  All detainers remain in full force and effect, unless and until the charges from the 'receiving state' are dismissed and/or the receiving state authorizes, in writing, the removal of the detainer."  BOP Program Statement 5800.15, Chpt. 6, ¶ 612, p. 10 (Jan. 1, 2009). Furthermore, in considering the allegedly adverse effect of invalid state detainers on federal prisoners, numerous courts have held that prisoners have no constitutional right to a particular security classification after incarceration, or to imprisonment in a particular facility. *Beardsley v. Moore*, 765 F. Supp. 560 (E.D. Mo. 1991) (prisoner's claim that his file was inaccurately reviewed by transferee prison facility, resulting in his being improperly assigned to a restrictive category of prisoners, did not constitute a violation of his due process rights); *Whittington v. Norris*, 602 F. Supp. 954 (E.D. Ark. 1984) (prisoner was not denied due process of law when he was transferred to maximum security unit without a hearing and did not have a justifiable expectation that he would be incarcerated in any particular prison within the state).

detainer.  However, he has not shown the type of extraordinary circumstances that allow a federal court to interfere in an ongoing state action.  To do so would be an unjustifiable interference with Arkansas' judicial enforcement of its criminal laws.  Nor can the court deem Petitioner's mailing of requests to the Arkansas Post Prison Transfer Board an exhaustion of his state remedies.[2]  *See Sacco v. Falke*, 649 F.2d at 636 (citing *Wingo v. Ciccone*, 507 F.2d 354, 357, n. 11 (8th Cir. 1974).  Because Petitioner's current habeas corpus claims cannot be entertained at this time, the court dismisses the action without prejudice so Petitioner can again seek federal habeas review after his claims have been fully litigated and decided in the Arkansas state courts.

Having determined this action should be dismissed without prejudice due to non-exhaustion, Petitioner's Motion for a Hearing (DE # 38) is denied.

IT IS THEREFORE ORDERED that this case be, and it is hereby, dismissed without prejudice.  The relief prayed for is denied.

SO ORDERED this 16th day of September, 2009.

*Henry L. Jones, Jr.*
_____
UNITED STATES MAGISTRATE JUDGE

_____

[2]At this juncture, the court has formed no opinion as to whether Petitioner has a viable claim for challenging the state detainer at issue here.  The court simply has concluded that "under the circumstances before it, federal interference with the state proceeding [would be] premature and thus inconsistent with the dictates of our federal system."  *Carden v. State of Montana*, 626 F.2d at 85.  Nor has the court determined what steps Petitioner must take to exhaust his remedies in Arkansas state courts.